IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES CURTIS GODFREY, | **ORDER TO SHOW CAUSE & MEMORANDUM DECISION** |
| Petitioner, | |
| v. | Case No. 2:13-CV-1075 DB |
| UTAH BD. OF PARDONS et al., | |
| Respondents. | District Judge Dee Benson |

Petitioner, James Curtis Godfrey, an inmate at Utah State Prison, filed a federal habeas-corpus petition here, in which he challenges his imprisonment. He is serving a fifteen-to-life sentence for aggravated kidnaping and a five-to-life sentence for aggravated sexual abuse.

This petition appears to contest, under 28 U.S.C. § 2254, his sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he appears to argue that the Utah Board of Parole and Pardons (BOP) and other respondents improperly executed his sentence by not affording him due process and subjecting him to double jeopardy in his parole hearing and by passing sentence on him without observing his right to a jury in sentencing.

## ANALYSIS

### a. Utah's Indeterminate Sentencing Scheme

Petitioner possibly attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). The Court

thus proposes to deny any relief on the basis of this possible § 2254 claim.

Petitioner's further challenge to the BOP's authority to determine his actual term of imprisonment within his five-to-life and fifteen-to-life sentences specifically cites *Booker*, *Blakely*, and *Apprendi*. *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He again argues that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional.

As to *Booker*, *Blakely*, and the constitutionality of indeterminate sentencing schemes, Petitioner's assertions fail. *Booker* (in which the Supreme Court explained that the federal sentencing guidelines are advisory, 543 U.S. at 245-46) and *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory maximum, 542 U.S. at 308-14) are both inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely*, 542 U.S. at 308.

*Apprendi* also appears inapplicable. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner apparently uses *Apprendi* to argue that the BOP should not have been able to "increase" his sentence without a jury's findings. However, the sentence was determined by the trial court at the time of conviction, not during the BOP's review of the term of service within the sentence.

2

BOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of natural life, so it cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve before his death. He will always be within the parameters of his sentence, whether or not BOP ever chooses to parole him.

### b. Questions of State Law

The Court next addresses any of Petitioner's apparent assertions under § 2241 that he was entitled to an earlier release, based on "the matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole (by following guidelines, among other things); and, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2014). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights, whether they be under the Due Process or Double Jeopardy Clauses. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, spans of five-to-life and fifteen-to-life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Court also considers Petitioner's possible arguments, about due process in parole

determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## MOTION FOR APPOINTED COUNSEL

The Court notes that Petitioner has no constitutional right to appointed pro bono counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2014).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at

1343. The Court thus denies for now Petitioner's motion for appointed counsel.

## CONCLUSION

The Court proposes to deny all Petitioner's habeas claims because they do not survive an analysis on the merits. IT IS THEREFORE ORDERED that Petitioner has thirty days to show cause why his habeas petition should not be DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for appointed counsel IS DENIED. (*See* Docket Entry # 4.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

IT IS FINALLY ORDERED that Petitioner's motion for discovery is DENIED as premature, considering the substance of this Order. (*See* Docket Entry # 3.)

DATED this 20th day of June, 2014.

BY THE COURT:

_____
DEE BENSON
United States District Judge